# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| United States of America, | Criminal No. 08-142 (DSD/SRN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Akbar Saleem Abdul-Ahad (07) and Donte Martin (15), | |
| Defendants. | |

_____

Nancy Brasel and Anders Folk, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America

Thomas Dunnwald, Dunnwald & Peterson PA, 412 South Fourth Street, Suite 1150E, Minneapolis, Minnesota 55415, for Defendant Akbar Saleem Abdul-Ahad

William Orth, Orth Law Office, 247 Third Avenue South, Suite 100, Minneapolis, Minnesota 55415, for Defendant Donte Martin

_____

JEFFREY J. KEYES, United States Magistrate Judge

This matter is before the undersigned Magistrate Judge on Defendant Akbar Saleem Abdul-Ahad's Motion to Suppress Evidence Seized from "Meal Ticket Foods," 1168 Selby Avenue, St. Paul, Minnesota 55104 (part of Doc. No. 354);[1] and Defendant Donte Martin's Motion to Suppress Evidence Seized from

---

[1] The Government represented at the hearing, and all defendants agreed, that only Defendant Akbar Saleem Abdul-Ahad has standing to contest this search warrant.

3411 Emerson Avenue North, Minneapolis, Minnesota 55412 (part of Doc. No. 461);[2] because the search warrants for these locations were issued by the same Magistrate Judge to whom the case is otherwise assigned.[3]  Defendants argue that the search warrants were not supported by probable cause.  For the reasons discussed below, the Court finds that the warrants were supported by probable cause and recommends that the evidence seized pursuant to the warrants not be suppressed.

I.   **The Search Warrant for "Meal Ticket Foods," 1168 Selby Avenue, St. Paul, Minnesota 55104**

Agent David Voth of the Bureau of Alcohol, Tobacco, and Firearms (ATF) submitted the affidavit in support of the search warrant for the Meal Ticket Foods store located at 1168 Selby Avenue in St. Paul, Minnesota (Gov't Ex. 7).  Agent Voth's knowledge was based on his personal participation in an ongoing investigation of the Black P-Stone street gang, his discussions with other police officers directly involved in this investigation, and his review of official reports submitted in relation to the investigation.  His affidavit contains the following information.

---

[2]The Government represented at the hearing, and all defendants agreed, that only Defendant Donte Martin has standing to contest this search warrant.

[3] The Honorable Susan Richard Nelson, to whom this case is assigned, will consider the other search warrants challenged in these motions, as well as the suppression motions brought by other defendants in this case.

The ATF, working with the Minneapolis Police Violent Offender Task Force, believed that Black P-Stone gang members owned and operated the Meal Ticket Foods business. Officers had identified the owner of the business as Akbar Abdul-Ahad, a known member of the Black P-Stone street gang, and the co-owner as Vito Corleone Williams.

On April 10, 2008, pursuant to a wire tap authorized by the Honorable James M. Rosenbaum, the police intercepted a telephone call between Vito Williams and Robert Herron in which Williams "swore" that he had "a big-ass gun right here." (Id. at 7.) On April 13, 2008, three days later, the police intercepted another telephone call, pursuant to the same wire tap, between Vito Williams and Akbar Abdul-Ahad. Williams, who was at the Meal Ticket Foods store, told Akbar Abdul-Ahad that he could not find the "heat." (Id.) Based on prior training and experience, Agent Voth knew that the term "heat" referred to a firearm. Akbar Abdul-Ahad informed Williams that he had wrapped it in a towel and placed it in the bathroom. The police were actually able to view photographs of the bathroom on the website "MySpace," which also depicted other images and photographs of the Meal Ticket Foods store as well as images of the gang.

From other information gathered during the investigation, the police deduced that Vito Williams was living in the basement of the Meal Ticket Foods store. The store was under surveillance through video pole cameras as well as live surveillance. On April 14, 2008, at approximately 9:45 a.m., cameras

3

recorded Vito Williams letting pit bull dogs out of the basement of the store. There were no vehicles present either in the front or in the rear parking area, and no one else had been observed entering the store. Officers could not identify any other possible residence of Vito Williams.

Investigating officers learned from court records that Vito Williams had been convicted of two felony crimes: receiving or possessing a firearm with an obliterated or altered serial number and first degree aggravated robbery. As a result of those convictions, Williams was prohibited from receiving or possessing firearms.

Magistrate Judge Nelson signed the search warrant for the Meal Ticket Foods store on April 14, 2008, and the warrant was executed the following day. The search inventory shows that the police did in fact find a handgun in the downstairs bathroom of the store.

In reviewing a search warrant for probable cause, "only that information which is found within the four corners of the affidavit may be considered." United States v. Leichtling, 684 F.2d 553, 555 (8th Cir. 1982). A reviewing court "should interpret affidavits for search warrants in a commonsense and realistic fashion, and deference is to be accorded an issuing magistrate's determination of probable cause." Id. (citations omitted). "Probable cause exists if, based upon a common-sense consideration of all the circumstances set forth in the supporting affidavit, 'there is a fair probability that contraband or evidence of a crime will be

found in a particular place.'" United States v. Curry, 911 F.2d 72, 75 (8th Cir. 1990) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)).

Agent Voth's affidavit provided sufficient probable cause for the issuance of the search warrant for the Meal Ticket Foods store. There was a fair probability to believe that a firearm was in the possession, custody, or control of a convicted felon, Vito Williams, who was prohibited from receiving or possessing a firearm. The items sought in the application for the warrant, including the weapon, records, documents, and other things associated with the suspected illegal conduct, were connected with the criminal activity under investigation. In addition, Agent Voth's belief that Vito Williams was living in the basement of the store was a reasonable conclusion from the facts discovered during the investigation. Therefore, the Court recommends that the evidence seized pursuant to the warrant not be suppressed.

## II.  The Search Warrant for 3411 Emerson Avenue North, Minneapolis, Minnesota 55412

Agent Voth was also the affiant for the affidavit submitted in support of the search warrant for 3411 Emerson Avenue North in Minneapolis, Minnesota (Gov't Ex. 12). His affidavit set forth the following information. On March 11, 2008, pursuant to a wire tap authorized by Judge Rosenbaum, law enforcement officers intercepted a telephone call in which Marques Martin said that a van in the St. Paul impound lot had a "four nickel" hidden in it. (Id. at 4.) Based upon training and experience, the officers reasonably believed that the "four nickel"

5

referred to a .45 caliber firearm.  Following up on this telephone call, law enforcement authorities discovered that the van had been impounded by the St. Paul Police Department after a burglary on January 23, 2008, involving Marques Martin and others.  They further learned that the van had been rented from a rental company named Premier Auto.  Marques Martin was listed on the rental paperwork as the only renter, and he had provided Premier Auto with an address of 3411 Emerson Avenue North, Minneapolis, Minneapolis.  Premier Auto had reclaimed the van from the impound lot on February 8, 2008, and officers learned from Premier Auto that the van was being rented and was due to be returned on April 8, 2008.

On that date, Agent Voth, along with other law enforcement officers involved in the investigation, went to Premier Auto, searched the van, and discovered a .45 caliber handgun within the van's molding, along with a plastic bag containing 9 mm bullets.  Although the van had been rented by other people between the time it was recovered from the St. Paul impound lot on February 8, 2008, and the time law enforcement authorities searched it on April 8, 2008, the handgun was hidden in such a way that it would not be found or noticed unless the molding was removed.

Officers intercepted additional information over the authorized wire tap on March 11, 2008.  The intercepted telephone calls revealed that Marques Martin and others were planning a robbery at the residence of Buster Gaston, who was

6

serving nights in the Hennepin County workhouse. The calls disclosed that Marques Martin and his associates were planning to follow Gaston's girlfriend home after she dropped off Gaston at the workhouse, and then rob her of Gaston's "stash." On March 11th, law enforcement officers watched Marques Martin and others as they conducted pre-robbery surveillance at the Hennepin County workhouse. After Gaston's girlfriend dropped off Gaston, Marques Martin and his associates followed her in their vehicle. Surveilling officers intervened and conducted a traffic stop of the automobile in which Marques Martin was traveling. They recovered a .40 caliber handgun from the front seat passenger compartment of the vehicle where Marques Martin was seated. Marques Martin and the others were arrested but ultimately released.

On April 4, 2008, again pursuant to the authorized wire tap, law enforcement authorities intercepted several telephone calls and learned the following information. Marques Martin had obtained a firearm from an unknown male by the name of "Peanut." This firearm was not functioning properly, and Marques Martin was actively soliciting other individuals, both known and unknown to the officers, to obtain a different firearm, specifically, what officers believed to be a .44 caliber revolver and/or a sawed-off shotgun.

During the investigation, law enforcement officials were able to ascertain that Marques Martin resided at 3411 Emerson Avenue North in Minneapolis, Minnesota. In addition to the information they had obtained from Premier Auto,

officers also recovered mail addressed to "MARQUES MARTIN STREET SIDE ENTERTAINMENT" at 3411 Emerson Avenue North, Minneapolis, Minnesota, while conducting surveillance of Marques Martin on April 8, 2008.  This mail had been discarded in a parking lot.  Surveilling officers also saw Marques Martin enter and exit the residence numerous times over a two-week period.

Investigating officers learned that Marques Martin had previously been convicted of various felony crimes punishable by a term of imprisonment exceeding one year, including burglary, assault, fleeing police, and illegal drug possession.  As a result, Martin was prohibited from possessing firearms and ammunition.

Magistrate Judge Nelson signed the search warrant for 3411 Emerson Avenue North, Minneapolis, Minnesota, on April 10, 2008.  The warrant was executed later that day.

Based on the information gathered in the investigation as described above, there was more than a fair probability that Marques Martin was illegally possessing firearms, and that the evidence, fruits, and instrumentalities of this criminal activity specified in the search warrant would be located at 3411 Emerson Avenue North in Minneapolis, Minnesota.  There was also ample reason to believe that 3411 Emerson Avenue North was the residence of Marques Martin.  Accordingly, probable cause existed for the search warrant executed at that address, and evidence seized pursuant to the warrant should

not be suppressed.

Based on the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Defendant Akbar Saleem Abdul-Ahad's Motion to Suppress Evidence Seized from "Meal Ticket Foods," 1168 Selby Avenue, St. Paul, Minnesota 55104 (part of Doc. No. 354) be **DENIED**; and

2. Defendant Donte Martin's Motion to Suppress Evidence Seized from 3411 Emerson Avenue North, Minneapolis, Minnesota 55412 (part of Doc. No. 461) be **DENIED**.

Dated:  October 28, 2008

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by November 11, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.